## Franklin T. Varney v. Joseph Taylor.

INSTRUCTIONS—*when technical errors in, will not reverse.* Slight errors contained in instructions will not reverse where the series of instructions as a whole states the law with substantial accuracy.

Assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

BARTEL & KLINGEL, for appellant.

SCHAEFER & FARMER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On April 25, 1905, Louis Scott, a minor, working in one of the mines of the Joseph Taylor Coal Company, of which appellee was president, had his leg broken and received other injuries, by reason of some mischance connected with the discharge of a shot. He was taken to the company's office and in answer to an inquiry, told J. B. Burkhart, the superintendent, that he wanted appellant to attend him. Burkhart telephoned Charles Bolbach, a clerk in the office of the company, at O'Fallon, some three miles distant, and told him to send down Dr. Varney. Bolbach called up appellant by telephone, and told him that Scott had been hurt at the St. Ellen mine. Appellant inquired how he was hurt and Bolbach replied, "I don't know. I know he is hurt and you are to come down to attend him." Appellant then went to the mine, found Scott and took charge of the case.

Appellant testified in regard to his conversation with Bolbach: "I told Mr. Bolbach I would not take charge of the case, but I told him this, that if he had been sent to hire me from Taylor's and was authorized to say that I would get my money, I would accept the case and upon his saying to go ahead, I accepted the case." Bolbach denied that he said anything to appellant, concerning responsibility for his pay and both he and Burkhart testified that they worked for the Joseph Taylor Coal Company; that they did not represent appellee individually, in any way or capacity. Appellant further testified that while Scott was still under his care, he met appellee on the train going out to O'Fallon; that he told appellee, Bolbach had engaged him to take charge of Scott and give him proper attention and what Bolbach had said in engaging him; that appellee answered, "Mr. Bolbach's actions were correct and whatever he said was all right, that he would pay the bill"; that later he again saw appellee, who requested him to go to the insurance company for him and adjust this claim if he could; that he went to see the insurance company which carried the liability insurance, but accomplished nothing; that he afterwards told appellee of the result of his visit to the insurance company and that to keep out of the trouble he would take $175 and settle the bill, and that appellee said he would send him a check in the morning for it, but that he did not do so. Appellee admits that he met appellant on the train at the time mentioned, and that the case was talked of and that he told appellant he could not pay; but says he also told him all the time, whenever anything was said to him, that he had nothing to do with that bill at all, that appellant would have to see the insurance company; that Scott was not in his employ at the time he was injured, but was employed by Joseph Taylor Coal Company.

Appellant was not paid for his services in treating and taking care of Scott, and brought suit against appellee individually for the amount of his bill, which he placed at $250. To the declaration in assumpsit, appellee filed the general issue and a plea of the Statute of Frauds. Upon

the trial the jury found the issues for the appellee, and judgment was given against the appellant for costs.

No question was made on the trial, but that appellant rendered the services claimed to Scott, or that they were worth the amount charged by him. It did appear, however, without contradiction, that neither Scott, Burkhart or Bolbach were in the employ of appellee, and also that Burkhart and Bolbach had no authority whatever to bind appellee personally to pay for any services appellant might render Scott, if they or either of them undertook to do so, which is denied. So far therefore as the original employment was concerned, there was no ground whatever shown for holding appellee responsible for the debt. Appellant's right to recover, if he has one, must depend upon his claim that appellee promised to pay him for the services, while Scott was still under his charge, and also promised after the services had been performed, to send him a check for $175 to pay for the same.

Upon the question whether these promises were made, there was a direct conflict in the evidence, which we consider settled in favor of appellee by the verdict of the jury.

Appellant complains that the court improperly admitted testimony of Burkhart, showing that Scott had requested him to call for appellant for the reason that this statement was never communicated to appellant. This evidence, even if it could be considered objectionable, did not effect the result reached in the case, for the reason that it was otherwise shown by uncontradicted evidence that no liability was attached to appellee in the original employment of appellant.

Objection is made to several instructions given by the court. The instructions are not entirely free from some of the objections urged against them by appellant, but while some of them were incomplete and did not cover the entire case, yet the series appear to have stated the law with substantial accuracy, and the errors are not of sufficient importance to warrant a reversal of the case.

The judgment of the court below will be affirmed.

*Affirmed.*